## No. 6970.

### JOHN A. KLEIN vs. E. M. CRAMER, SHERIFF, ET AL.

Where an injunction is asked for in a case that comes within the jurisdiction of the District Court, and the District Judge is absent, and the parish judge is legally recused, the parish judge of an adjoining parish may grant the injunction.

APPEAL from the Thirteenth Judicial District Court, Madison parish. *Hough*, J.

*James B. Corkern* for plaintiff and appellant.

*J. Tyson Lane* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff desired to obtain an injunction in a matter within the jurisdiction of the District Court. The district judge was absent, and an affidavit to that effect was made by plaintiff's attorney, who then applied to the parish judge for the injunction. The parish judge recused himself because of interest, and the injunction was then granted by the parish judge of an adjoining parish.

Defendants moved to dissolve because of want of authority in that parish judge to grant the injunction. There were other causes assigned which we will assume were not seriously made, one of which was that the affidavit of absence was made by the attorney of the plaintiff instead of the plaintiff himself.

It is not at all clear from the statutes, which judge would have authority to direct the issuing of an injunction in the circumstances presented here. There is no doubt that the parish judge has authority to grant injunctions in the absence of the district judge. It is conferred in three distinct sections of the Revisal of 1870, viz 1747, 2027, and 3195 the last two being fuller in one respect than the other. It is also provided that when the parish judge is recused or can not act, either the parish judge of an adjoining parish, or the district judge, may grant all orders in cases in the parish courts which might have been granted by the parish judge, if he had not been recused. sec. 3194. But *quære*—who is to grant the desired order if the case be in the district court, and neither the district nor the parish judge is able to act?

Art. 128 of the Code of Practice, as amended, furnishes the only clue to the solution of the difficulty, and we think the power of the parish judge of an adjoining parish to grant the order in this case is fairly deducible from it.

The parish judge of any parish may grant orders of every kind, in the absence of the parish judge of an adjoining parish, or of the district judge from his district, or when these judges are interested, or are recused, or can not act, and this power is extended to all sorts of cases

in their courts, wherein the orders might have been granted by the judges themselves, if they had not been absent or recused. ·

This is a paraphrase of the article, or rather a transposition of its clauses, which enables one to catch its meaning more readily than the text does.

The parish judge of Tensas properly granted the injunction, the district judge being absent from his district, and the parish judge of an adjoining parish (Madison) being recused and unable to act.

The lower court ruled the contrary, and even inflicted damages for wrongfully suing out the injunction, which, considering the dubiety and haziness in which the statutes have enveloped the question, might well have been deemed as not legally incurred. Therefore

It is ordered and decreed that the judgment of the lower court is avoided and reversed, and the injunction is.reinstated, and the cause is remanded to be proceeded in its trial according to law, the appellees paying costs of appeal.

Mr. Justice Spencer recuses himself in this case.